Mathew K. Higbee, Esq. SBN 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff,*
HUNG VANNGO,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

HUNG VANNGO

Plaintiff,

v.

HALO AESTHETICS BAR LLC; and DOES 1 through 10 inclusive,

Defendant.

Case No. 8:25-cv-2449

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**(1) COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff, Hung Vanngo alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts

and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

**PARTIES**

5. Plaintiff Hung Vanngo ("Vanngo") is an individual and professional makeup artist.

6. Defendant Halo Aesthetics Bar LLC ("Defendant" or "Halo") is a limited liability company incorporated in the State of California with a principal place of business 830 N. Fairfax Ave, Ste 3 Los Angeles, CA 90046.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

**FACTUAL ALLEGATIONS**

***Plaintiff Hung Vanngo Is a Professional Celebrity Make Up Artist***

9. Hung Vanngo is a highly successful and popular celebrity makeup artist.

10. Vanngo's client list includes actresses, musicians, and other major celebrities such as Selena Gomez, Emily Ratajowski, Jennifer Lawrence, Julianne

Moore, Cara Delevigne, and Bella Hadid.

11. Vanngo documents his makeup work via his highly popular Instagram account @hungvanngo, which has over 4.1 million followers.

12. As part of documenting and promoting his work, Vanngo captures photographs of his clients and publishes them to his Instagram account.

13. Vanngo is the sole creator and exclusive rights holder to a close-up photograph of model Grace Elizabeth (the "Grace Photograph").

14. Attached hereto as Exhibit A is a true and correct copy of the Grace Photograph.

15. Vanngo has registered the Grace Photograph with the United States Copyright Office under registration VA 2-219-682 with an effective registration date of September 14, 2020

16. Attached hereto as Exhibit B is a true and correct copy of Registration VA 2-219-682. .

***Defendant Halo Aesthetics Bar LLC***

17. Defendant Halo "is Los Angeles trusted Beauty Bar Service , offering the most advanced non-invasive and minimally invasive cosmetic procedures, micro treatments, and wellness boosts aimed at preventing, restoring, and enhancing your natural beauty." *See* https://haloaestheticsbar.com/about/.

18. Defendant Halo is the owner, manager, and operator of the commercial website https://haloaestheticsbar.com/ ("Defendant's Website").

19. According to Defendant's Website, Halo provides a variety of services, which include but are not limited to; IV Therapy; Exosome Therapy; Morpheus8; Microneedling; and Hydraglow Facials.

20. Defendant allows potential customers seeking Defendant's services to directly book appointments on Defendant's Website.

***Defendant's Infringing Conduct***

21. On or about January 1, 2024, Vanngo discovered his Grace Photograph

copied and displayed on Defendant's Website as the main photograph for a page on Defendant's Website advertising and promoting Defendant's services, specifically, its Morpheus8 service ("Infringing Post"). The Infringing Post explains "Morpheus8 Benefits" and includes a "New Client Special MORPHEUS8 50% OFF" promotion. Additionally, the Infringing Post contains at least three "Book Appointment" and/or "Book Consultation" buttons for users to go directly from the Infringing Post to booking services with Defendant.

22. A true and correct screenshot of the Grace Photograph in the Infringing Post as copied and displayed by Defendant on Defendant's Website is attached hereto as Exhibit C.

23. Shortly after discovering the Infringing Post, Plaintiff, via counsel, reached out to Defendant to have the Grace Photograph removed from Defendant's Website and to be compensated for the use of his copyrighted Grace Photograph.

24. Defendant responded to Plaintiff's contact attempts but did not remove the Grace Photograph from Defendant's Website.

25. Vanngo does not have record of the Grace Photograph being licensed to Defendant nor had Vanngo granted permission for Defendant to make a copy or publicly display the Grace Photograph on Defendant's Website with the Infringing Post.

26. As of the date of this filing, the Infringing Post is still copied to and displayed on Defendant's Website without authorization despite Defendant acknowledging receipt of Plaintiff's cease and desist communications.

27. Attached hereto as Exhibit D is a true and correct copy of the Infringing Post still displayed on Defendant's Website as of October 30th, 2025.

28. Vanngo is informed and believes that the purpose of the use of the Grace Photograph on Defendant's Website was to promote and encourage sales of Defendant's Morpheus8 services by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be

achieved by using Defendant's services. Specifically, the Grace Photograph was used as the main photograph on the page on Defendant's Website that promotes its Morpheus8 services and contains several "Book Now"/"Book Consultation" links that takes users directly to Defendant's booking platform to make an appointment for Morpheus8 services.

29. Defendant (including its employees, agents, contractors, or others over whom it has responsibility and control) copied and uploaded the Grace Photograph to Defendant's Website without Vanngo's consent.

30. Vanngo is informed and believes Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, and otherwise held out to the public Vanngo's original and unique Grace Photograph for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of Defendant's services from use of the Grace Photograph.

31. On information and belief, Defendant's use of the Grace Photograph was deliberate and willful because Defendant was explicitly informed by Plaintiff via regular mail, phone call, and email, that Defendant's use of the Grace Photograph was unauthorized and, despite Defendant acknowledging receipt of Plaintiff's cease and desist communications, continues to willfully and recklessly display the Grace Photograph on Defendant's Website in the Infringing Post as of the date of this filing.

**CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Vanngo owns a valid copyright in the Grace Photograph.

34. Vanngo registered the Grace Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. Plaintiff did not consent to, authorize, permit, or allow in any manner

the said use of Plaintiff's unique and original Grace Photograph.

36. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Grace Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Grace Photograph of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

37. Specifically, Defendant made unauthorized copies and then publicly displayed the Grace Photograph with the Infringing Post on Defendant's Website.

38. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

39. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Grace Photograph by copying and displaying it for commercial purposes without a license or consent;
- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: October 30, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Suite 200,
Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Hung Vanngo hereby demands a trial by jury in the above matter.

Dated: October 30, 2025

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Suite 200,
Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
*Counsel for Plaintiff*